The opinion of the court was delivered by
■Watkins, J.
Ernest Puech obtained an order of seizure and sale against defendant’s plantation, in the parish of St. James, in the enforcement and foreclosure of a special mortgage securing payment of a note of $5500 with interest.
Pending advertisement of same for sale, Mrs, M. Daret, Pierre Pootz and plaintiff presented a petition to the court to the effect that Mrs. M. Daret is the present owner and possessor of the plantation mortgaged, by purchase from Mrs. Celestine Daret, and that long antecedent thereto Armand Duplantier had subscribed for thirty-seven shares of the stock of the Consolidated Association of Planters of Louisiana, and mortgaged said property to secure the same, and a loan of f9250 additional, and on which said shares all loan instalments and contributions have been paid.
That the amount of said stock mortgage is greater than the actual value of the land, and if paid nothing would remain of the proee eds of sale when realized to apply to petitioner’s mortgage; but as said indebtedness no longer exists, the inscription of the mortgage should no longer remain as an apparent incumbrance on the land, to their detriment; and they allege themselves to be entitled to have same canceled, and they pray for the cancellation thereof.
. The State of Louisiana, being a party defendant, excepts that the same question is at issue in a suit now pending in the United States Circuit Court, entitled Cressy vs. Consolidated Association, and adopts the exception taken by John Calhoun, receiver, which is to the effect that he declines the jurisdiction of the Civil District Court on the ground “that he can not be sued as receiver before the court that appointed him * * unless by permission of said United States Circuit Court, which has not been granted.”
Prom a judgment overruling these exceptions, and making the rule absolute, the State and receiver have appealed.
The exception urged is the same in principle as the one tendered and overruled in Lanaux vs. Recorder, 36 An. 975, and to which suit the State was a party, and in the course of our opinion we said:
“ This is a proceeding to. compel a ministerial officer to do what is alleged to be his manifest duty in a matter wherein it has been *1283 judicially declared the State has lost all interest,” etc. Also the court said:
“ The point made that this court is without jurisdiction because receivers have been appointed for the Consolidated Association by the United States Circuit Court, is untenable when the object of the proceeding is to erase from the mortgage book of the State an incumbrance created by her law, and which the Circuit Court of the United States would have no authority to order.”
We can not see any force in the objection, and are of the opinion that our decree in the Lanaux case is controlling. This court is clearly competent to entertain the rule and decide it, notwithstanding the affairs of the Consolidated Association of Planters of Louisiana are in process of liquidation in the courts of the United States.
In State ex rel. Laloir vs. Consolidated Association and the Recorder, 43 An. 838, all of the questions herein raised were gone into and decided in keeping with the views expressed in the Lanaux ease.
From our opinion in that case, it appears that the case of Cressy vs. Consolidated Association, referred to as then pending in the United States Circuit Court, has since been decided by the Supreme Court of the United States, and on the principles announced in Association vs. Lord, 35 An. 438 — a parallel case — maintaining the plea of prescription and directing the cancellation of the mortgage.
This case has been kept under advisement for several years on account of the pendency of the Cressy case; and now that it has been finally decided, there is no occasion for longer delay.
For the reasons assigned in the decided cases referred to supra, our judgment must go in favor of the plaintiff — the evidence being conclusively in favor of the rule.
The judge a quo decided the case correctly in making the rule absolute.
Judgment affirmed.
The Chief Justice and Mr. Justice Breaux not having been present when this case was submitted, take no part.